VINCENZINA CAROGANO, Appellant, *v.* GIOVANNI CAROGANO, Respondent.

First Department, December 5, 1930.

*Sol A. Hyman* of counsel [*Hyman & Hyman*, attorneys], for the appellant.

*Isidore Lapan* of counsel [*Louis E. Felix*, attorney], for the respondent.

MARTIN, J. In this action the plaintiff moved for alimony and counsel fees. Thereafter an order was entered directing the defendant to pay the sum of $35 per week as alimony and $250 counsel fees. To enforce this order the plaintiff sought a sequestration of defendant's property and to accomplish that result a receiver was appointed. An order was also thereafter entered adjudging the defendant guilty of contempt, fining him $2,310 and directing his commitment to the Civil Prison, county of Kings, until the fine was paid or until he was discharged according to law. In compliance with said order the defendant was committed to jail on March 8, 1930.

On May 28, 1930, a motion was made pursuant to section 775 of the Judiciary Law, based upon affidavits of the defendant, of Dr. Frank Calabro and Louis E. Felix, his attorney, for an order releasing the defendant from prison.

In granting the application the court said: " Motion to release defendant from jail is granted. It would serve no useful purpose, in view of the advanced age of the defendant, and his ill health, to continue his imprisonment. I am satisfied, too, that if defendant has indeed transferred his property in fraud of creditors, plaintiff is not entirely without remedy to reach such property."

The affidavit in opposition to this motion sets forth that on June 1, 1928, the defendant was directed to pay alimony and counsel fees and that within a few days thereafter and on June 5, 1928, he conveyed the premises 2814 Stilwell avenue, Coney Island, which are the same premises the defendant made affidavit he owned when he filed his answering affidavit in opposition to the motion for alimony and counsel fees. There is another conveyance on record under date of August 8, 1928, to Joseph De Rose, of Clifton, N. J., by the defendant for a consideration of one dollar.

In addition, the affidavit now before the court shows how little consideration the defendant has for the orders of this court. In an answering affidavit in the former proceeding the defendant said: " Since the order of May 28th for alimony *pendente lite*, the divorce proceeding in New Jersey has been concluded, a decree of absolute divorce granted to this defendant on the ground of desertion by this [plaintiff], and the defendant has remarried in the State of New Jersey."

The defendant has not at any time complied with the orders of this court, although he admitted that he owned a business and the real property in which it was conducted and stated that the real property was assessed for $13,500 subject to a mortgage of $6,000. He has never paid his wife any alimony and after he transferred his property to his relatives or friends, he moved to the State of

New Jersey, and as set forth above, he there started an action for divorce and finally secured the divorce and has since remarried.

We are of the opinion that this order should not have been granted. It is difficult to understand why this defendant was released, in view of the facts set forth in the affidavits. His alleged illness appears to have been urged solely to avoid a further stay in jail. His willful disobedience of all the orders of this court, and the disposal of all his property so that he could not pay alimony appear to have been rewarded by an order for his release.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.